IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 13-206-2 |
| RASHIDAH BRICE | : | |

## ORDER

AND NOW, this \_\_\_\_ day of August, 2013, upon consideration of defendant's motion for pretrial release and the government's response thereto, IT IS HEREBY ORDERED that defendant's motion is DENIED.

BY THE COURT:

_____
HONORABLE MITCHELL S. GOLDBERG
*United States District Judge*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      :

v.      :      **CRIMINAL NO. 13-206-2**

**RASHIDAH BRICE**      :

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION FOR PRETRIAL RELEASE

The United States of America, by and through Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle L. Morgan, Assistant United States Attorney for the District, hereby responds to defendant's motion for pretrial release. For the reasons set forth below, defendant's motion should be denied.

## I.   BACKGROUND

Rashidah Brice and her co-defendant and paramour, Christian Womack, operated a prostitution venture in Philadelphia, Pennsylvania and elsewhere, through which they sold and attempted to sell the bodies of young women on the Internet for profit, advertising them on an Internet website known as www.Backpage.com, and then taking their prostitution earnings. These victims included a minor. The evidence in this case is that in order to persuade the females to work for them, the defendants engaged in acts of physical violence, including choking, attempted rape, threatening one victim with a gun repeatedly, and threatening to kill several of the victims in order to intimidate them into compliance.

The defendants were indicted on April 25, 2013 on three counts of sex trafficking of a minor or by force, and attempt, in violation of 18 U.S.C. § 1591. Defendant made her initial appearance on April 29, 2013, and was detained by the Honorable Lynne A. Sitarski. The defendant now moves for bail, asserting facts that could have been asserted at the time of the government's motion for

detention. The defendant contends that she has two small children, and could be released on electronic monitoring to the custody of her mother, and therefore, she should be released.

The total maximum penalty defendant faces includes life imprisonment, a $750,000 fine, between five years and lifetime supervised release, and a $300 special assessment. She also faces a mandatory minimum sentence of 15 years on each count of violating 18 U.S.C. § 1591 (sex trafficking by force). The government further estimates that defendant's Sentencing Guideline Offense Level is 45, with a corresponding Guidelines range of life imprisonment.

## II. ARGUMENT

First, this defendant is required to be detained upon her plea of guilty, which is scheduled to take place on August 20, 2013, pursuant to 18 U.S.C. § 3143(a)(2). That section states that a person found guilty of an offense under Section 3142(f)(1)(A), (which includes sex trafficking under Section 1591), and awaiting sentencing shall be detained, unless: (i) there is a substantial likelihood of acquittal or a new trial (not the case here); or that both (i) the government is recommending no term of imprisonment (not the case here) and (ii) the Court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to the community (not the case here). Thus, the Court is statutorily required to detain defendant upon her entry of a guilty plea. 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(1)(A).

Moreover, even absent the statutory mandate, the defendant poses a serious danger to the community, and to witnesses in this case in particular, that cannot be addressed by conditions of release. The nature of the instant offense is clearly violent. The defendant used brute force, violence, and threats to coerce and attempt to coerce females into prostitution, including one minor, and advertised their sexual services over the Internet as if they were chattel. As a result, defendant

2

now faces a mandatory minimum sentence of 15 years imprisonment, and a Guidelines range of life in prison. Especially troubling is that in the course of these offenses, the defendants allegedly went to the home of one of the victims who had fled, and later called her on the phone to threaten her life, and this defendant personally allegedly made threatening phone calls to another victim who had fled, demanding money and making threats to kill her and her family, and stating the victim's address over the phone. If defendant were released, she clearly knows the whereabouts of at least two victims and could pose a serious risk to their safety.

Further, defendant is a substantial flight risk. She faces a mandatory minimum sentence of 15 years imprisonment per count, and a Guidelines range and maximum sentence of life. Although the government does not dispute that defendant has two young children and could reside with her mother, those same factors were present when defendant committed these egregious and violent crimes. For all of these reasons, defendant is unable to overcome the statutory presumption that no set of conditions will guarantee both the appearance of the defendant and the safety of the victims and the community.

### III. CONCLUSION

Given the statutory mandate for defendant's confinement following her guilty plea, and when all the danger factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and the safety of the community.

WHEREFORE, the government respectfully submits that defendant's motion for pretrial release should be denied.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response to Defendant's Motion for Pretrial Release, and Proposed Order was served by electronic filing and/or electronic mail on the following defense counsel:

Rossman Thompson, Esq.
Suite 540 West - The Curtis Center
601 Walnut Street
Philadelphia, PA 19106

                                                /s/ Michelle L. Morgan
                                                MICHELLE L. MORGAN
                                                Assistant United States Attorney

Date: August 16, 2013