IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>CHRISTIAN DIOR WOMACK | Case No: 13-206<br><br>NON-PARTY GOOGLE INC.'S<br>MOTION TO QUASH SUBPOENA<br>TO TESTIFY AT A HEARING OR<br>TRIAL IN A CRIMINAL CASE |

The government issued a trial subpoena to the custodian of records for Google Inc. ("Google"). As explained below, the government has no need for the requested testimony, and accordingly Google respectfully requests that this Court quash the government's subpoena as unreasonable, oppressive, and inconsistent with federal law.

## INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials. To that end, Google Inc. ("Google") has provided the Government with a Rule 902(11) declaration to authenticate and admit certain of its business records that the government intends to use at the trial scheduled in this matter for July 22, 2014. Nevertheless, the government has served non-party Google with a witness subpoena to authenticate its business records at trial (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Darren Hubbard ("Hubbard Decl."). Despite the dictates of Rule 902(11), the Witness Subpoena demands that Google send one of its California-based records custodians to Philadelphia to provide testimony. Google understands that the sole reason the Government seeks live testimony is to establish the authenticity of the records Google produced, but these records are well within the ambit of information covered by Rules 803(6) and 902(11).

Accordingly, Google respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted without live testimony from Google, and because the burden imposed on Google far outweighs the Government's need, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## FACTUAL BACKGROUND

On April 1, 2013, Google received a grand jury subpoena from the United States Attorney's Office for the Eastern District of Pennsylvania concerning three Gmail accounts. *See* Hubbard Decl. ¶ 4. Google produced documents in response to the subpoena on April 2, 2013, along with a certificate of authenticity regarding the records produced. *See id.* ¶ 5 & Ex. 2.

On July 2, 2014 the Witness Subpoena was served upon Google by the United States Attorney's Office, Eastern District of Pennsylvania, pursuant to Rule 17 of the Federal Rules of Criminal Procedure. *See* Hubbard Decl., Ex. 1. The Witness Subpoena demands that Google's Custodian of Records appear and testify at trial. Google understands that the Government anticipates that Defendant may object to any certification in lieu of live testimony, and therefore seeks live testimony to establish the authenticity of the records produced by Google. Google's counsel has attempted to resolve this matter without the Court's intervention, to no avail, and therefore files this Motion to Quash.

## ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a

subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

A.  **The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary**

Federal Rule of Evidence 803(6)[1] provides an exception to the hearsay rule for records of regularly conducted activity as "shown by the testimony of the custodian or other qualified witness, *or by a certification that complies with Rule 902(11)*...." (emphasis added). This exception applies if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity . . . and
> **(D)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

---

[1] Federal Rules of Evidence 803 and 902 were reworded in 2011. As expressly reflected in the Advisory Committee notes for each Rule, the changes "are intended to be stylistic only" and "[t]here is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 803 advisory committee notes; Fed. R. Evid. 902 advisory committee notes.

In the case at bar, the documents produced contain information recorded by Google servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Hubbard Decl. Ex. 2; *see also* Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity by Google, and were made in course of regularly conducted activity as a regular practice by Google. *See* Hubbard Decl. Ex. 2; *see also* Fed. R. Evid. 803(6)(C),(D). Google is aware of no allegation of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). Accordingly, there can be no dispute that the documents produced by Google in response to the subpoena are business records under Rule 803(6). For the same reason, there can also be no dispute that Google's declaration complies with Federal Rule 902(11).

Therefore, the documents produced by Google have been authenticated and the Government's request for further testimony as to their authenticity is duplicative and unreasonable. *See U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by certificate from records custodian, noting that use of certificates is permissible where the purpose is solely to authenticate records and not to establish facts); *U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *U.S. v. Johnson*, 688 F.3d 494, 504-05 (8th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of crime lab records authenticated

4

by 902(11) declaration); *see also U.S. v. Jenkins*, 540 Fed. Appx. 893, 899-901 (10th Cir. 2014) (unpublished) (same as to declaration from AT&T custodian); *U.S. v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (unpublished) (same as to declaration from Metro PCS custodian).[2]

Indeed, to enforce the Government's Witness Subpoena and compel Google to send a witness to provide live testimony on these issues would defeat the very purpose for which Rule 902(11) was enacted, as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

---

[2] *Cf. U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

**B.      The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) *citing Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *see also Schaaf v. SmithKline Beecham Corp.,* No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

The Government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Google understands that the Government seeks live testimony solely because it is concerned that Defendant will take the unreasonable and indefensible position that a declaration is inappropriate.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Hubbard Decl. ¶ 2. Google's California-based team receives literally tens of

6

thousands of requests for assistance on an annual basis. *Id.* The types of investigations that lead to these requests run the gamut from fraud cases, kidnapping and other emergencies, to routine civil and criminal demands for records. *Id.* Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id.* If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id.*

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and requests that it be quashed in its entirety.

Dated:   July 16, 2014

Attorneys for Petitioner

By: _____
Mark Eckenwiler (*pro hac vice* application
    pending)
Perkins Coie LLP
700 13th St. NW
Washington, DC 20005
Phone: (202) 654-6321
Facsimile: (202) 654-6211
MEckenwiler@perkinscoie.com

Donald E. Wieand
Stevens & Lee
190 Brodhead Road, Suite 200
Bethlehem, PA 18017
Phone: (610) 997-5071
Facsimile: (610) 371-8412
dew@stevenslee.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
| | : |
| v. | : CASE NO. 13-206 |
| | : |
| CHRISTIAN DIOR WOMACK | : |

### CERTIFICATE OF SERVICE

I, Donald E. Wieand, Esquire, certify that on this date, Non-Party Google Inc.'s Motion To Quash Subpoena To Testify At A Hearing Or Trial In A Criminal Case, supporting Declaration and proposed Order were served upon the following counsel of record, by electronic mail and by depositing the same in the United States mail, postage prepaid, addressed as follows:

Kenneth C. Edelin, Jr., Esquire
Kenneth Edelin, Esq, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA   19102
kceesq@gmail.com

Michelle Morgan, Esquire
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA   19106
michelle.morgan2@usdoj.gov

Melanie Babb Wilmoth, Esquire
U.S. Attorney's Office
615 Chestnut Street, Suite 1250\
Philadelphia, PA   19106
melanie.babb.wilmoth@usdoj.gov


Dated:  July 16, 2014            */s/ Donald E. Wieand*
                                 Donald E. Wieand

SL1 1313354v1 107271.00002